# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

tkasulis@maglaw.com
(212) 880-9555

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN
BRENT M. TUNIS

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

October 7, 2020

Via ECF

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *United States v. Rose, et al.,* 19 Cr. 789 (PGG) (S.D.N.Y.)

Dear Judge Gardephe:

  We represent Leon Blue in the above-referenced matter. Mr. Blue has been incarcerated at the Metropolitan Detention Center (MDC) since arriving via writ from the New Jersey state penal system in January 2020. Despite our best efforts, as set forth below, we have been unable to arrange for Mr. Blue to receive access to the discovery in this case at the MDC. We must therefore request that the Court order the MDC and the Government to provide Mr. Blue with a hard drive or hard drives containing the discovery material in this case to keep in his unit for review immediately.

  Background

  Mr. Blue is one of twenty-seven defendants charged in this matter but the only one detained pending trial. Although we (as counsel) have received the Government's Rule 16 productions and discussed it on numerous occasions with our client, Mr. Blue needs to be able to conduct his own review of the discovery material at the MDC. That has proven impossible to arrange.

  On February 19, 2020, we emailed the Government to ask if Mr. Blue would be able to access a common set of discovery at the Educational Center at the MDC. The Government informed us that Mr. Blue was the only defendant in this matter detained at the MDC so there

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Paul G. Gardephe
October 7, 2020
Page 2

was no common set at the facility. We were unsure at that time as to whether Mr. Blue had received a personal set of discovery.[1]

On April 2, 2020, having confirmed that Mr. Blue had not received a personal set of discovery at the MDC, we again emailed the Government. We relayed that the legal department at the MDC had informed us that the only way our client could receive a hard drive at the facility would be for the Government to send it directly to the MDC legal staff. The Government suggested that we contact the discovery coordinator appointed in this case to confirm that this was the best way to proceed.

After some back and forth with the discovery coordinator, Julie de Almeida, we informed the Government on May 11, 2020 that (a) Ms. De Almeida believed that there was already a discovery set at the Educational Center at the MDC, but (b) Mr. Blue was reporting that he was not being allowed out of his cell to go to the Educational Center, presumably because of COVID-19 related precautions. The Government contacted the MDC and confirmed that prisoner movement was being restricted because of COVID-19 but that there might be some allowances made for discovery review. We hoped that this would resolve the matter.

Unfortunately, it did not. On June 1, 2020, we emailed the Government again. The good news was that the MDC had lifted some of the movement restrictions; the bad news was that they now had told Mr. Blue that he was "not on the list" of inmates with access to the discovery in this case in the Educational Center. This seemed nonsensical. Who *would* be on the list of inmates with access to this discovery given that there were no other inmates in this case? On June 8, 2020, the Government informed us that they had learned that materials subject to a protective order – as with the discovery in this case – were required to be kept in the law library, and law libraries were on nationwide lockdown due to COVID-19.

On August 13, 2020, we again emailed the Government to reiterate that Mr. Blue was still not able to access any discovery at the MDC. The Government responded that they would inquire of the MDC again. On August 17, 2020, we corresponded with the Government and Ms. De Almeida and came to the following conclusions: first, that Ms. De Almeida had sent three hard drives to the Government for provision to the MDC in this matter months earlier; and second, no one knew where those hard drives were. I passed along from Ms. De Almeida that her understanding was that the policy at the MDC now permitted prisoners to keep a hard drive with them in their unit to avoid the need to go to the Educational Center. The Government agreed that we would send them a three terabyte hard drive for their provision to the MDC.

---

[1] Our efforts to confirm that Mr. Blue had access to discovery in the MDC were originally hampered by (a) the suspension of in-person visits during the onset of the COVID-19 crisis, and (b) the MDC's initial refusal to allow Mr. Blue to communicate via email. After intervention by the Court, the MDC ultimately granted Mr. Blue email access on or about March 24, 2020.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Paul G. Gardephe
October 7, 2020
Page 3

      The Government received our drive on or about September 4, 2020 and they indicated it would take some time to load the voluminous discovery for Mr. Blue.  On September 21, 2020, they reported that the process was done and asked where they should send it.  As we had been instructed, we told them it should be sent to MDC legal with instructions that Mr. Blue be allowed to keep it in his unit.  On September 23, 2020, the Government informed us that the drive had been sent to the MDC.

      Yesterday, Mr. Blue informed us on a videoconference that he still does not have access the discovery and has not seen or heard of any hard drive.  Frankly, we do not know what else we can do.  The Court recently granted Mr. Blue's request for a motion schedule and he needs to be able to review discovery to have an informed conversation with counsel about what motions to bring.  We have no recourse but to again seek intervention by the Court.

      We respectfully request that the Court order the MDC and the Government to provide Mr. Blue with a hard drive or hard drives containing the discovery material in this case to keep in his unit for review immediately.

      Respectfully submitted,

      /s/ Telemachus P. Kasulis
      Telemachus P. Kasulis

cc:    All parties (via ECF)
       Nicole McFarland, Esq. (via email)

MEMO ENDORSED

The Government and MDC are directed to ensure that Blue is given the above-described discovery hard drive forthwith.

SO ORDERED.

_Paul G. Gardephe_
Paul G. Gardephe
United States District Judge

October 8, 2020